The STATE of Ohio, Appellee,

v.

RILEY, Appellant.

[Cite as *State v. Riley* (1993), 87 Ohio App.3d 420.]

No. 13418.

Court of Appeals of Ohio,
Montgomery County.

Decided April 29, 1993.

*Carley J. Ingram,* Montgomery County Assistant Prosecuting Attorney, for appellee.

*David E. Kuns,* for appellant.

FAIN, Judge.

Defendant-appellant Ervin Lee Riley appeals from a sentence imposed by the trial court. We conclude that the trial court erred when it failed to advise Riley of his right to request conditional probation under R.C. 2951.04(A).

## I

Riley was charged by indictment with one count of aggravated trafficking in cocaine in violation of R.C. 2925.03(A)(1), a felony of the third degree. The charge included a specification of a prior offense of violence.

Riley entered a plea of guilty. The trial court denied Riley's probation request at the sentencing hearing:

"THE COURT: Mr. Riley, anything you want to say on your own behalf?

"MR. RILEY: Yes, sir. I'd like to—I would like to get probation.

"THE COURT: The answer to that is contained in the presentence investigation report that is in front of me, Mr. Riley. It indicates a number of things, among them your prior criminal record and your involvement with drugs. This latest event, the sale of drugs. The report correctly concludes that probation is

not in order in your case, and the Court will not honor your request to place you on probation."

The presentence report indicated that Riley was a repeat offender under R.C. 2929.01(A)(1), having been convicted on several different occasions for carrying a concealed weapon, attempted drug abuse, and criminal trespassing. Riley served a sixty-day sentence in the Dayton Human Rehabilitation Center for his attempted drug abuse conviction.

After denying Riley probation, the trial court sentenced Riley to an intermediate term of two to ten years without advising Riley of his right to conditional probation.

From the judgment of the trial court, Riley appeals.

## II

Riley's first assignment of error is as follows:

"The trial court erred by failing to advise the defendant-appellant of his right to request conditional probation."

The issue here is not whether Riley should be granted conditional probation but whether Riley was eligible to be advised, and should have been advised, that he had a right to request conditional probation.

The trial court has a mandatory duty to advise an eligible defendant of his right to request conditional probation under R.C. 2951.04(A) if the court has reason to believe that the defendant is or may become drug dependent, and there is no statutory limit on the way a reasonable belief may be engendered. *State v. Pruitt* (1984), 18 Ohio App.3d 50, 18 OBR 163, 480 N.E.2d 499.

R.C. 2951.04 provides, in pertinent part:

"(A) If the court has reason to believe that an offender convicted of a felony or misdemeanor is a drug dependent person or is in danger of becoming a drug dependent person, the court may, and when the offender has been convicted the court shall, advise the offender that he has a right to request conditional probation for purposes of treatment and rehabilitation.

"(B) Within a reasonable time after receipt of the request for conditional probation, the court shall hold a hearing to determine if the offender is eligible for conditional probation * * *."

A trial court's failure to advise a defendant of his right to request conditional probation is harmless error if the offender is conclusively ineligible for probation under R.C. 2951.02. *Pruitt, supra.* Riley's presentencing report

indicated that Riley was a repeat offender under R.C. 2929.01(A)(6). R.C. 2929.01(A)(6) provides:

"(A) 'Repeat offender' means a person who has a history of persistent criminal activity, and whose character and condition reveal a substantial risk that he will commit another offense. It is prima-facie evidence that a person is a repeat offender if any of the following apply:

" * * *

"(6) Having been convicted of three or more offenses of any type or degree other than traffic offenses, alcoholic intoxication offenses, or minor misdemeanors, and having been imprisoned pursuant to sentence for any such offense, he commits a subsequent offense."

■ The statutory definition of "repeat offender," predicated as it is upon whether the offender's "character and condition reveal a substantial risk that he will commit another offense," necessarily vests some discretion in the trial judge in making that difficult determination. In the case before us, the state does not contend, and we do not conclude, that Riley's status as a "repeat offender" was so clear that the trial court could properly have concluded that Riley could not possibly have been eligible for probation.

■ Furthermore, not all repeat offenders are conclusively ineligible for conditional probation. R.C. 2951.04(B)(3) provides, in pertinent part:

"[T]he fact that an offender is a repeat offender as defined in section 2929.01 * * * shall not conclusively bar him from conditional probation authorized by this section if the offenses for which he has been convicted and for which he previously has been imprisoned involved violations of section 2925.11 or 2925.12."

The presentencing report indicated that Riley had been previously convicted and imprisoned for attempted drug abuse: possession of "crack cocaine and a crack pipe," a violation of R.C. 2925.11. This conviction led to Riley's imprisonment and, together with his other convictions, the imprisonment made Riley a repeat offender under R.C. 2929.01(A)(6).

■ A trial judge has broad discretion in making probation determinations. In denying probation pursuant to R.C. 2951.02 and 2929.01, the trial judge must conclude that the defendant's character and condition are such that there is a substantial risk that he will commit another offense. *State v. Wood* (1976), 48 Ohio App.2d 339, 347, 2 O.O.3d 345, 350, 357 N.E.2d 1106, 1111.

■ If an offender is eligible for conditional probation, the trial judge ultimately retains the same broad discretion, but the statute mandates that judicial notice be given to offenders of their right to request conditional proba-

tion. R.C. 2951.04(A). A request for conditional probation by an eligible offender compels the trial court to hold a conditional probation hearing. R.C. 2951.04(B).

We agree with the court in *Pruitt* that R.C. 2951.04(A) "places no limit on the way a reasonable belief may be engendered." *Pruitt*, 18 Ohio App.3d at 58, 18 OBR at 172, 480 N.E.2d at 508. We construe the eligibility portion of R.C. 2951.04(A) literally: any reason in the record to believe that an offender is or is in danger of becoming drug dependent compels the trial court to advise the offender of his right to request conditional probation. Whether the trial court actually believes the reason is immaterial for purposes of R.C. 2951.04 so long as the reason is sufficient.

The state argues that the only evidence of drug dependency before the trial court was Riley's statement and that of Riley's attorney made before sentencing, and that these statements were insufficient reasons for the trial court to believe that Riley was or was in danger of becoming drug dependent. We disagree.

A phrase like "reason to believe," that is susceptible of varying interpretation, must be construed in light of its contextual purpose. "Reason to believe that an offender * * * is a drug dependent person" merely triggers an obligation on the part of the trial court to inform the offender of the right to request conditional probation. It is no guarantee that the offender will receive conditional probation. The burden upon the trial court is minimal. Consequently, the interpretation of what constitutes "reason to believe" should be minimal.

Riley requested treatment during his plea hearing, saying: "Yes, I need help bad to get off the drugs." This was a sufficient "reason to believe" for purposes of triggering the statutory requirement that Riley be notified of his right to request conditional probation.

The state argues that the presentencing report "plainly indicated that the Defendant did not believe he was in need of drug treatment, although he was willing to involve himself in Alcoholics/Narcotics Anonymous." At the hearing upon Riley's request for conditional probation, this would be a cogent argument against the grant of conditional probation. However, it is not a good argument against notifying Riley of his right to request conditional probation, especially in view of the fact that the same presentencing report, under "client information" at the bottom of the first page, refers to Riley as "chemically dependent."

Because the trial court failed to advise Riley that he had a right to request conditional probation, and because Riley was not conclusively ineligible for conditional probation, the trial court erred by failing to so advise Riley. It is improper to speculate how the trial court might have exercised its discretion under R.C. 2951.02(B) and (D) had Riley made a request for conditional probation

after having been advised of his right to do so. *Pruitt,* 18 Ohio App.3d at 59, 18 OBR at 172, 480 N.E.2d at 509.

Riley's first assignment of error is sustained.

### III

Riley's second assignment of error is as follows:

"The trial court erred by failing to hold a hearing to determine if the defendant-appellant was eligible for conditional probation."

This assignment of error is made in the alternative with Riley's first assignment of error. Essentially, Riley contends that if he is deemed to have been advised of his right to request conditional probation, then he should also be deemed to have made such a request, and that the trial court erred by not having heard the matter. Because we conclude that Riley was not advised of his right to request conditional probation, we find this assignment of error moot.

Riley's second assignment of error is overruled.

### IV

Riley's first assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BROGAN and WOLFF, JJ., concur.