I agree that the judgment should be affirmed. My reasoning, however, differs from that of the majority.
Sipos complains that the trial court incorrectly treated his petition as one for treatment in lieu of conviction made pursuant to R.C. 2951.041. This is a valid complaint, even though the trial court correctly ruled that he was ineligible for treatment in lieu of conviction. The petition clearly relied on R.C. 2951.04 — styled "conditional probation for treatment and rehabilitation of drug dependent persons" — and discussed his desire for "conditional probation" in his memorandum in support of his petition. Conditional probation is not treatment in lieu of conviction.
Although the State contends, and the majority agrees, that Sipos is a "repeat offender" as an additional reason that Sipos is ineligible for treatment in lieu of conviction, the record suggests only that he is prima facie a repeat offender. See R.C. 2935.36(E)(1), State v. Riley (1993), 87 Ohio App.3d 420,424; State v. Shackleford (Aug. 31, 1990), Montgomery App. No. 11666, unreported. Indeed, paragraph 17 of Sipos' no contest petition stated that he was eligible for a community control sanction instead of a prison term.
Nevertheless, R.C. 2951.04 was repealed effective July 1, 1996, well before the operative events of this case, so that the petition would have been properly denied for that reason.
Accordingly, I concur in the judgment of affirmance.
Copies mailed to:
Robert K. Hendrix Brian L. Sipos Hon. Thomas M. Rose