OPINION
This matter presents an accelerated appeal from a June 20, 2001 decision rendered by the Ashtabula County Court, Western District, ordering appellant, Demetreous Shaw, to serve a term of imprisonment.
On October 23, 2000, appellant was issued a citation for failing to obey a traffic control device, in violation of R.C. 4511.12, a minor misdemeanor, and for failure to comply, in violation of R.C. 2921.331(B), a misdemeanor of the first degree. At his initial appearance on November 2, 2000, appellant entered a plea of not guilty to the charges. A plea and sentencing hearing was held on June 19, 2001.
At the hearing, appellant entered a plea of guilty to the failure to comply charge, and the state of Ohio moved to dismiss the charge of failure to obey a traffic control device. The trial court accepted the guilty plea and dismissed the remaining charge. Appellant's attorney stated that appellant was sorry for his conduct and that he was not paying attention to the officer behind him because he had to use the restroom. Appellant's counsel added that appellant was a self-employed businessman and requested the minimum sentence. Appellant also addressed the court.
The trial court waived all fines, and in an entry dated June 20, 2001, appellant was sentenced to sixty days in jail with thirty days of the sentence suspended. Appellant filed a motion to stay execution of the sentence. It is from that entry that appellant filed the instant appeal and now advances a single assignment of error:
 "The trial court failed to properly consider the factors that favor probation or mitigation that are found in [R.C.] 2951.02."
For his sole assignment of error, appellant posits that the trial court erred in failing to consider the factors found in R.C. 2951.02 that favor probation or mitigation.
The imposition of a sentence upon a criminal defendant is a matter that is within the sound discretion of a trial court, and generally, an appellate court will not disturb the trial court's exercise of that discretion as long as the sentence falls within the statutory limits.Toledo v. Reasonover (1965), 5 Ohio St.2d 22, paragraph one of the syllabus; State v. Nahhas (Mar. 16, 2001), Trumbull App. No. 99-T-0179, unreported, 2001 WL 277005, at 4. A trial judge has broad discretion in making probation determinations. State v. Riley (1993), 87 Ohio App.3d 420,424.
R.C. 2929.51(A) states that:
 "At the time of sentencing and after sentencing, when imprisonment is imposed for a misdemeanor, the court may do any of the following:
 "(1) Suspend the sentence and place the offender on probation * * *;
 "(2) Suspend the sentence * * * upon any terms that the court considers appropriate;
 "(3) Permit the offender to serve the offender's sentence in intermittent confinement, overnight, or on weekends, or both, or at any other time or times that will allow the offender to continue at the offender's occupation or care for the offender's family;
 "(4) Require the offender to serve a portion of the offender's sentence, which may be served in intermittent confinement, and suspend the balance of the sentence pursuant to section 2951.02 of the Revised Code upon any terms that the court considers appropriate, or suspend the balance of the sentence and place the offender on probation pursuant to that section."
Furthermore, R.C. 2929.22(A) states that:
 "[i]n determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim * * *; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender." (Emphasis added.)
R.C. 2951.02(A), which sets forth the criteria that a trial court must apply in deciding whether to suspend a sentence imposed for a misdemeanor offense and allows an offender to be released on probation, provides:
 "(1) [i]n determining whether to suspend a sentence of imprisonment imposed upon an offender for a misdemeanor and place the offender on probation or whether to otherwise suspend a sentence of imprisonment imposed upon an offender for a misdemeanor * * *, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk, the nature and circumstances of the offense, and the history, character, and condition of the offender.
 "(2) An offender who has been convicted of or pleaded guilty to a misdemeanor shall not be placed on probation and shall not otherwise have the sentence of imprisonment imposed upon the offender suspended * * * if either of the following applies:
"(a) The offender is a repeat or dangerous offender.
 "(b) The misdemeanor offense involved was not a violation of section 2923.12 of the Revised Code and was committed while the offender was armed with a firearm or dangerous ordnance." (Emphasis added.)
Moreover, R.C. 2951.02(B) provides a list of factors that do not control the court's discretion, but that the court shall consider in favor of placing an offender on probation or of suspending the offender's sentence of imprisonment. The factors are that: (1) the offense did not cause or threaten serious harm to persons or property; (2) the offense was the result of circumstances unlikely to recur; (3) the victim induced or facilitated it; (4) there were substantial grounds which justified it; (5) the offender acted under strong provocation; (6) the offender had no history of prior criminal activity, or led a law-abiding life for a considerable period before committing the present offense; (7) the offender was likely to respond affirmatively to probationary or other court-imposed treatment; (8) the character and attitude of the offender indicate that he or she is unlikely to commit another offense; (9) the offender has made or will make restitution to the victim for the injury, damage, or loss sustained; and (10) imprisonment would entail undue hardship to the offender or the offender's dependents.
Here, appellant was found guilty of failure to comply, which could warrant up to one hundred eighty days imprisonment. Instead, appellant was sentenced to sixty days imprisonment, with thirty days suspended. At the hearing, the trial court explained that appellant had three prior criminal convictions: a domestic violence conviction and two menacing convictions. The trial judge further stated that he found: (1) appellant was being sentenced for a first degree misdemeanor; (2) there were no other aggravating factors; (3) this was not a high speed chase involving risk of physical harm to persons or property; (4) appellant has been a repeat traffic offender; and (5) appellant was on electronically-monitored house arrest for an earlier domestic violence conviction.
Based on the foregoing colloquy, it is our view that in sentencing appellant to a term of imprisonment, the trial court primarily considered appellant's prior criminal history, which is a factor listed in both R.C.2929.22(A) and R.C. 2951.02(A). The court specifically noted appellant's three prior criminal convictions and also stated that he had been a repeat traffic offender. Furthermore, R.C. 2951.02(B) provides a list of factors that the court shall consider in favor of placing an offender on probation or of suspending a sentence of imprisonment. However, R.C.2951.02(B) specifically states that these factors "do not control the court's discretion * * *." Thus, we conclude that the trial court did not abuse its discretion in imposing a term of imprisonment.
For the foregoing reasons, appellant's assignment of error is not well-taken. The judgment of the Ashtabula County Court, Western District, is affirmed.
O'NEILL, P.J., NADER, J., concur.