LEWIS, Appellant,

v.

ROSELLE et al., Appellees.

[Cite as *Lewis v. Roselle* (1990), 63 Ohio App.3d 254.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880803.

Decided March 14, 1990.

*William C. Lewis, pro se.*

*Rendigs, Fry, Kiely & Dennis, Michael E. Maundrell* and *Terrence M. Garrigan,* for appellees.

---

*Per Curiam.*

Plaintiff-appellant William C. Lewis assigns three errors in his appeal from the trial court's grant of summary judgment in favor of defendants-appellees Louise M. Roselle, Sylvan P. Reisenfeld and Reisenfeld & Associates.

Appellant's first assignment of error, that the trial court did not comply with the requirements of Civ.R. 56(C) when it failed to immediately render its judgment in accordance with the rule's language requiring such judgment to be rendered "forthwith," is overruled. Lewis has failed to demonstrate that he was prejudiced in any way by the trial court's delay of approximately six months, even if we assume that the term "forthwith" requires an immediate rendition of judgment. See Civ.R. 61.

Lewis's second assignment of error is also overruled because the error of the trial court, if any, when it failed to strike a proposed entry granting summary judgment to the appellees on the ground that the entry was not served upon Lewis, did not affect a substantial right of Lewis and would amount to no more than harmless error. Civ.R. 61.

Lewis's third assignment of error asserts that the trial court erred when it granted the appellees summary judgment because it failed to consider whether the filing of a legal malpractice claim with a local bar association tolls the statute of limitations for the filing of malpractice claims in a court of common pleas. Lewis argues that filing a grievance under rules promulgated pursuant to Section 5(B), Article IV, Ohio Constitution, which provides the

Supreme Court of Ohio with the power to make rules " * * * governing the admission to the practice of law and discipline of persons so admitted," somehow suspends the running of R.C. 2305.11(A), the statute of limitations for malpractice. This contention is not well taken. The Ohio Supreme Court's plenary power to disbar, suspend or discipline attorneys, whether expressly derived from the Constitution or inherent in the judicial branch, see *In re McBride* (1956), 164 Ohio St. 419, 58 O.O. 242, 132 N.E.2d 113, certiorari denied (1956), 351 U.S. 965, 76 S.Ct. 1030, 100 L.Ed. 1485, does not, as in cases of medical malpractice, include the power to abridge, enlarge or modify any substantive right embodied in a statute of limitation relating to legal malpractice. See R.C. 2305.11(A); *Jacobs v. Shelly & Sands, Inc.* (1976), 51 Ohio App.2d 44, 5 O.O.3d 165, 365 N.E.2d 1259.

The judgment of the trial court is, accordingly, affirmed.

*Judgment affirmed.*

SHANNON, P.J., DOAN and HILDEBRANDT, JJ., concur.