**The STATE of Ohio, Appellee,**

v.

**BOYD, Appellant.**

[Cite as *State v. Boyd* (1994), 95 Ohio App.3d 679.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66396.

Decided Sept. 15, 1994.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Joseph V. Hoffer,* Assistant Prosecuting Attorney, for appellee.

*Edward M. Graham,* for appellant.

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, and the briefs of counsel. Oral arguments were waived. Defendant-appellant, Leon Boyd, timely appeals the judgment of conviction and sentence of the common pleas court stemming from a guilty plea to attempted robbery in violation of R.C. 2923.02 and 2911.02.

The record before this court indicates that on June 29, 1993, appellant was indicted for the robbery of Eleanor Tomkalski in violation of R.C. 2911.02.

Appellant pleaded not guilty at his arraignment. On July 21, 1993, pursuant to a plea bargain, appellant pleaded guilty to attempted robbery in violation of R.C. 2923.02 and 2911.02, an aggravated felony of the third degree. The trial court referred appellant to the probation department for a presentence investigation report and also referred appellant to the psychiatric clinic for a drug evaluation. Sentencing was scheduled for August 23, 1993, on which date the trial court denied appellant probation and sentenced him to a term of incarceration of two to ten years. Thereafter, on September 16, 1993, appellant, *pro se*, filed a written motion for conditional probation pursuant to R.C. 2951.04 and 2951.041. That motion was overruled on September 29, 1993.

Appellant, through counsel, raises the following assignments of error:

"I. The court erred by failing to advise appellant of his right to request conditional probation for purposes of treatment and rehabilitation.

"II. The court erred in denying appellant a hearing on his motion filed September 16, 1993.

"III. The court erred in not granting probation to appellant.

"IV. Appellant was denied effective assistance of counsel."

The thrust of appellant's arguments on appeal is that the trial court prejudicially failed to advise him that he had a right to request conditional probation for purposes of entering into a drug treatment and rehabilitation program. Appellant would have this court reverse and remand this cause for further proceedings to require the trial court and parties herein to do precisely that which they have already done, however imprecisely.

The record before this court reveals that appellant was well aware that he was entitled to, and did in fact, request conditional probation. Therefore, it would be illogical for this court to predicate reversible error on the basis that the trial court failed to advise appellant of rights of which he already knew. Additionally, the trial court did, in fact, consider appellant's request for conditional probation but, in exercising its sound discretion, declined appellant's request.

In appellant's first assignment of error, appellant argues the trial court committed prejudicial error by failing to advise him of his right to request conditional probation pursuant to R.C. 2951.04.

R.C. 2951.04 provides, in part:

"(A) If the court has reason to believe that an offender convicted of a felony or misdemeanor is a drug dependent person or is in danger of becoming a drug dependent person, the court may, and when the offender has been convicted the court shall, advise the offender that he has a right to request conditional probation for purposes of treatment and rehabilitation.

"(B) Within a reasonable time after receipt of the request for conditional probation, the court shall hold a hearing to determine if the offender is eligible for conditional probation.  * * *"

At the hearing on appellant's proposed plea, the trial court advised appellant that attempted robbery was an aggravated felony of the third degree carrying potential incarceration of two, three, four, five to ten years and a fine of up to $5,000.  Appellant was further advised that the trial court could proceed to judgment and sentence.  After appellant's trial counsel advised the court that he had thoroughly discussed the case with appellant and believed appellant was making the plea voluntarily and intelligently, the trial court read appellant his rights as required by Crim.R. 11.  Appellant further expressed his satisfaction with his counsel's representation.  The trial court accepted appellant's plea and found appellant guilty of attempted robbery.  The trial court then referred appellant to the probation department for a presentence investigation.

The following exchange appears in the record of appellant's plea hearing:

"THE COURT: The Court will accept the plea of the defendant of guilty as amended.

"*Mr. Boyd, pursuant to the request of this counsel, the Court will refer you to the Probation Department for a presentence investigation.*  It is in your best interest to be completely honest and accurate and cooperative at all times with our Probation Department.

"Since you are incarcerated, the corrections officer will come and get you for the time of your interview.  Don't be too busy or otherwise to go for this interview because you will only be given one chance and if I do not have a completed presentence investigation report, I will sentence you to the maximum term of incarceration allowed by law.

"Do you understand that?

"DEFENDANT: Yes.

"THE COURT: Okay.  Your sentence will be imposed on August 23, 1993, at 2:30 p.m.

"*I am also going to order that you have a drug evaluation during the course of your presentence investigation to determine the extent and depth of your drug problem.*  Okay?

"DEFENDANT: Can I ask the Court something, Your Honor?

"THE COURT: What?

"DEFENDANT: I have not been able to make bond and I was wondering if I would be eligible for the CSR?

"THE COURT: No. You accost people at shopping centers.

"The bond is fixed by the bond commission. This Court is not about to lower your bond until such time, if ever, that I see what comes out of the drug evaluation and the presentence report.

"You understand that?

"DEFENDANT: Yes.

"THE COURT: So, once again, when they call you for these interviews, it is up to you to go. You don't get a second chance.

"I have ordered every person in my courtroom they get one chance and one chance only. Get that? You understand you don't make the rules, here, other people do.

"MR. LAZZARO: Your Honor, did you say August 23?

"THE COURT: That's right. 2:30 p.m.

"MR. LAZZARO: Pardon me?

"THE COURT: 2:30. See you then.

"MR. LAZZARO: Thank you, Judge." (Emphasis added.)

In addition to the foregoing, appellant signed a statement indicating that he had entered "said plea voluntarily and of my own free will and choice." The statement further states that *"I understand that I am eligible for probation."* (Emphasis added.) The statement is signed by appellant, dated July 21, 1993, and witnessed by appellant's counsel and the assistant prosecuting attorney.

Based on the foregoing, we conclude the trial court did, in fact, advise appellant of his right to request conditional probation. The trial court referred appellant to the probation department at appellant's counsel's request and appellant signed a statement stating that he understood he was eligible for probation. Moreover, the record clearly indicates that appellant was well aware of his right to request conditional probation. In any event, should it be concluded that the trial court did not advise appellant of his right to request conditional probation, any error therein must be considered harmless, since appellant was well aware of such right. See *State v. Lemberg* (Sept. 8, 1987), Clermont App. No. CA87-05-035, unreported, 1987 WL 16581 (harmless error found in trial court's failure to advise defendant of right to request conditional probation predicated on trial court's subsequent consideration and rejection of appellant's efforts to enter drug treatment program in connection with his motion for shock probation); *State v. Bolotta* (Aug. 13, 1980), Hamilton App. No. C-790686, unreported, at 3 ("To require the court to inform the defendant of his right to request that which the defendant had already requested and which the court had already granted would

be superfluous."); and *State v. Ellis* (Feb. 16, 1978), Cuyahoga App. No. 37003, unreported ("However, it is apparent that defendant was aware of his right to request conditional probation; the trial court's error in failing to advise defendant of his right is therefore harmless.").

Appellant's first assignment of error is, therefore, overruled.

■ In appellant's second assignment of error, appellant argues the trial court committed prejudicial error in denying, without hearing, his written motion for conditional probation filed on September 16, 1993. Appellant contends it was prejudicial error for the trial court to overrule, without a hearing, his second request for conditional probation, where the record reflects the trial court properly overruled, with a hearing, appellant's first request.

At the August 23 hearing, the trial court had before it appellant's presentence investigation report,[1] and oral statements from appellant's counsel and appellant himself. The following portions of the transcript of the August 23 hearing reflect the arguments made on appellant's behalf for conditional probation:

"THE COURT: Mr. Lazzaro, have you had an opportunity to review the presentence investigation report?

"MR. LAZZARO: I have, Judge.

"THE COURT: Is there a statement you would like to make on behalf of the Defendant?

"MR. LAZZARO: Yes, there is, your Honor. As evidenced by that presentence report, your Honor, I think it becomes evident that Leon Boyd, at age 39, has had no prior criminal history.

"This is a very unusual case, Judge. Here is a man with a college degree, a graduate of Cleveland State, a good job with British Petroleum of America for 15 years as an analyst, laid off in October of 1991, your Honor.

"Unfortunately, for a man of that background, with no history of criminal offenses and with a very fine job, the layoff, as might be obvious, caused him some problems. He developed a cocaine addiction and that is what this case is about, your Honor.

"It is a first offense, robbery. It is a purse snatching and it happened because of the need for money to buy crack cocaine.

"It is a tough situation, Judge, because, obviously, the Defendant stands before you knowing a robbery is a violent offense and it scared the victim.

---

1. R.C. 2951.03(A) provides, in pertinent part, that "[n]o person who has pleaded guilty to or has been convicted of a felony shall be placed on probation until a written presentence investigation report by a probation officer has been considered by the court."

"He is an intelligent man. I know he has a statement for you.

"I can tell the Court that at age 39, with no history, I believe he is sincere about treating for his addiction and hoping the Court will give him a chance.

"He has been incarcerated since, I believe, May the 18th—no, May the 20th, Judge, so, he has had more than three months incarceration.

"I can also tell the Court that I spoke personally with the head of the *TASC Force which is the treatment alternative to street crime. It is located downstairs. The head of that organization, William Seifert–Kessell, tells me Leon is a perfect candidate for their department's help. I would have had him in there sooner, Judge, but most of these treatment programs like leverage. By that I mean if the Court sees fit to give him probation with stringent conditions of probation, that is the kind of leverage they feel they need in order to successfully treat him.*.

"*So, my request would be that you give this 39 year old first offender a chance, Judge, and refer him to this TASC Force that the Court Commissioners have created.*

"THE COURT: Mr. Boyd, is there a statement that you would like to make?

"DEFENDANT: Yes. I am embarrassed, your Honor, for being here. I regret the harm that I did to Mrs. Timolsky [sic] and I humbly apologize to her. And I just ask the mercy of the Court.

"THE COURT: It is a little bit more than a purse snatching, Mr. Lazzaro. *He watched this senior citizen walk out of a bank.*

"MR. LAZZARO: Yes, he did, Judge.

"THE COURT: Get into her car, followed her to another parking mall, parked next to her and then robbed her.

"MR. LAZZARO: That is true, judge.

"THE COURT: What can we ever do to have that woman not be afraid to go about her daily errands?

"MR. LAZZARO: Hopefully, she would understand—

"THE COURT: A little bit more than a purse snatching.

"MR. LAZZARO: It was plotted, Judge. There is no question.

"THE COURT: Stalking would be more like this than mere purse snatching.

"I think, in any event, since Mr. Boyd does not have a record, the Court will be lenient and sentence you to two to 10 years at LCI.

"Whenever you rob the citizens of our county of their ability to travel through this county without fear, this Court looks askance at that. I know that Mrs.

Timolsky will never be able to travel through her neighborhood without fear again, Mr. Boyd. That is why you are going to prison.

"Good luck to you, Mr. Boyd. I hope you do take care of your problem while you are in, as to whatever programs that you can. But I want you to remember the fear that you have put in that lady's heart for the rest of her days in our country." (Emphasis added.)

Based on the foregoing, this court concludes that the trial court did, in fact, give appellant a hearing on his initial request for conditional probation. Appellant argues, however, that he is entitled to a hearing on his second request for conditional probation, i.e., the September 16 motion.

We pause here to address the state's argument interjected throughout appellant's first and second assignments of error. Briefly put, the state argues that neither of appellant's motions was timely brought. Thus, at issue herein is the timeliness of appellant's requests for conditional probation. The state argues that appellant's first request for conditional probation is untimely since, prior to sentencing, appellant was not "convicted." Next, the state argues appellant's second request is untimely, since it comes nearly one month after the sentence. R.C. 2951.04 does not set forth a time in which a request is to be made.

With reference to appellant's first request for conditional probation, there is authority to support the state's argument that a person is not convicted until sentenced. Crim.R. 32(B) provides, in pertinent part, that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." Additionally, it is well settled that a judgment of conviction is not final and appealable until sentence is rendered. *State v. Chamberlain* (1964), 177 Ohio St. 104, 29 O.O.2d 268, 202 N.E.2d 695; *State v. Dickey* (1991), 74 Ohio App.3d 587, 599 N.E.2d 763. Finally, "conviction" is generally defined as "the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged." See Black's Law Dictionary (5 Ed.1979) 301.

Thus, a judgment of conviction requires a sentence, and a defendant is not convicted until sentenced. Regarding the timeliness issue, confusion herein lies, we believe, with the imprecise wording of R.C. 2951.04(A). A literal reading of the statute would both suggest and demand that the court inform the defendant of his right to request probation after he is sentenced. The statute at issue uses the term "convicted" twice where, in the first instance, it would appear that a better-suited phrase would have been, "[i]f the court has reason to believe that an offender * * * [who has been found guilty of, or pleaded guilty to] * * * a felony or misdemeanor is a drug dependent person * * * the court may * * * advise the offender [of his right to request conditional probation]."

Nonetheless, pursuant to R.C. 2951.04(B) and 2951.041, a defendant may request conditional probation (1) upon indictment or presentment of a charge, (2) after a finding of guilt or plea of guilty to the charge or indictment but before sentencing, or (3) after a judgment of conviction and sentence. The better practice, as was done by appellant's counsel in the case *sub judice*, requires counsel to request conditional probation after a finding of guilt or plea thereto but before sentencing, since the denial of a request for conditional probation after a final judgment of conviction and sentence does not affect a substantial right and is, therefore, not a final, appealable order. See *State v. Ledbetter* (1991), 72 Ohio App.3d 377, 594 N.E.2d 983; *State v. Robinson* (Mar. 1, 1977), Franklin App. No. 76AP–747, unreported; but, see, *State v. Wheeler* (1976), 49 Ohio Misc. 41, 3 O.O.3d 346, 361 N.E.2d 564, paragraph one of the syllabus, concluding that "R.C. 2951.04, providing conditional probation for purposes of treatment and rehabilitation of drug dependency, cannot be utilized to suspend execution of sentence after an offender has been delivered into custody of the institution in which he is to serve his sentence."

Thus, this court lacks jurisdiction to hear appellant's appeal from the denial of his September 16 motion. Moreover, a hearing was held on appellant's first request for conditional probation on August 23, 1993. Appellant's second assignment of error is, therefore, overruled.

▮ In appellant's third assignment of error, appellant argues the trial court committed reversible error in not granting him conditional probation. We disagree.

It is well settled that the decision to grant probation rests within the sound discretion of the trial court. *State v. Hatcher* (1991), 71 Ohio App.3d 823, 595 N.E.2d 457; *State v. Tuley* (Sept. 18, 1986), Cuyahoga App. Nos. 50954 through 50959, unreported, 1986 WL 11051; *State v. Longo* (1982), 4 Ohio App.3d 136, 4 OBR 228, 446 N.E.2d 1145. A review of the sentencing hearing reveals that appellant had not met the conditions set forth in R.C. 2951.04. First, appellant failed to demonstrate that he had been accepted into an appropriate drug treatment facility. R.C. 2951.04(B)(2). Next, appellant committed an offense against a senior citizen which, although not dispositive, weighs against placing him on conditional probation. See R.C. 2951.04(B)(3) and 2951.02(D)(4). The trial court properly considered these factors and concluded that an appropriate sentence for appellant would be two to ten years' incarceration. The trial court did not abuse its discretion in so concluding.

▮ In appellant's final assignment of error, appellant claims he was denied effective assistance of counsel. Appellant contends his trial counsel substantially violated the duty to timely file a request for conditional probation pursuant to

R.C. 2951.04 and a motion for probation in lieu of conviction pursuant to R.C. 2951.041.

The United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, established standards for raising the issue of ineffective assistance of counsel:

" * * * A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695.

In *State v. Hester* (1976), 45 Ohio St.2d 71, 79, 74 O.O.2d 156, 159, 341 N.E.2d 304, 310, the Ohio Supreme Court formulated the following test:

"Balancing the rights of the accused and of the public, we hold the test to be whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done."

The Ohio Supreme Court established a two-prong analysis for ineffective assistance of counsel in *State v. Lytle* (1971), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 497–498, 358 N.E.2d 623, 627:

"First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, * * * there must be a determination as to whether the defense was prejudiced * * *."

A review of the record herein indicates that appellant's trial counsel did not violate any of his essential duties. We refer again to the transcript of appellant's plea hearing wherein the trial court referred appellant to the probation department for a presentence investigation. Additionally, at the August 23 sentencing hearing, we note appellant's counsel made the following request:

" * * * By that I mean if the Court sees fit to give him probation with stringent conditions of probation, that is the kind of leverage they feel they need in order to successfully treat him.

"So, my request would be that you give this 39 year old first offender a chance, Judge, and refer him to this TASC Force that the Court Commissioners have created."

Finally, we believe it is safe to assume that because the trial court denied appellant conditional probation pursuant to R.C. 2151.04, the trial court would

have also denied appellant probation in lieu of conviction pursuant to R.C. 2951.041.  Cf. *Lemberg, supra.*

Appellant's final assignment of error is accordingly overruled.

*Judgment affirmed.*

NUGENT and DYKE, JJ., concur.

HARPER, P.J., dissents.

HARPER, Presiding Judge, dissenting.

I dissent from the majority opinion as it is my opinion that judgments passed on by this court should not be guided by sentimental or emotional feelings on the subject of the appeal.  This court should pass its judgment even when doing so would be unpopular and painful.

Appellant argues that the trial court erred by failing to advise him of his right to request conditional probation and by failing to grant a hearing on his motion for conditional probation.

Any reason in the record to believe that an offender is, or is in danger of becoming, drug dependent compels the trial court to advise the offender of his right to request conditional probation.  *State v. Riley* (1993), 87 Ohio App.3d 420, 425, 622 N.E.2d 421, 424.  In the instant case the record shows that the trial court was aware of appellant's drug addiction before it passed the sentence and failed to inform him of his right to request conditional probation.  The trial court in recognition of appellant's drug problem made the following remarks:

"Good luck to you, Mr. Boyd.  I hope you do take care of your problem while you are in, as to whatever programs that you can."

The record shows that appellant is a one-time offender who committed a probationable offense, which makes him eligible for conditional probation.  The state's understanding of Crim.R. 32(B) is mistaken.  There is no legal authority in support of the state's and the majority's argument that a person is not convicted until sentenced for the purposes of informing the accused of his right to a conditional probation.  Conviction always comes before sentencing, and many processes are undergone before sentencing, the processes of which may affect sentencing but never the conviction.  One of the processes that the law recognizes should be undertaken before sentencing if applicable is a determination whether an offender is eligible for conditional probation.

Unlike the majority's analysis to the contrary, I remain firmly convinced that conviction is separate and distinct from sentencing, as both serve different functions.  It is understandable that for purposes of appellate review, a sentence of the accused is required in the record.  Sentence is the punishment ordered by

a court to be inflicted upon a person *convicted* of a crime, usually a noncustodial sentence, such as probation and/or a fine, or a custodial sentence, such as a term of years of imprisonment or a number of months in a county jail. Such an order usually identifies the authority which must carry out the sentence and authorizes and directs the authority to execute the order. See *Carter v. Commonwealth* (1957), 199 Va. 466, 469, 100 S.E.2d 681, 683. It is such an order that completes the case for appellate review purposes. Thus, since a sentence is a formal order of the court declaring the legal consequence of a determination of *guilt* (the conviction) in a criminal case, unlike the inference drawn from the majority's analysis, the lack of sentence does not affect the validity of the conviction. Sentence does not control the conviction, and unlike conviction can be supplied *nunc pro tunc*. See *Powell v. Commonwealth* (1944), 182 Va. 327, 28 S.E.2d 687.

Therefore, when conviction, which is the verdict of the trier of fact, is completed, the court is required to inform the accused of his right to a conditional probation before sentencing if the reason for such advice exists. Where the court has reason to believe that the accused is or may become drug dependent, it has a mandatory duty to advise him of his right to request conditional probation. *State v. Pruitt* (1984), 18 Ohio App.3d 50, 18 OBR 163, 480 N.E.2d 499. Failure to so advise is prejudicial and a reversible error.

The state without the benefit of the legislature added its own exception to R.C. 2951.04 by arguing that "after sentencing, when the appellant is convicted, the appellant can no longer request conditional probation in a timely fashion." This argument conveniently ignores the statute, which states in part, *"and when the offender has been convicted the court shall advise the offender that he has a right to request conditional probation * * *."* (Emphasis added.) R.C. 2951.04(A). The argument also fails to recognize that one can hardly be untimely when he is not informed as required of the statutory provision to exercise his right.

Since the trial court did not advise appellant of his right to request conditional probation after conviction, appellant's filing of his request less than a month after sentencing is timely. The trial court's failure to grant a hearing on appellant's request for conditional probation is a reversible error. *State v. Lumpkin* (1982), 3 Ohio App.3d 341, 3 OBR 397, 445 N.E.2d 711.

The majority states:

"A literal reading of the statute would both suggest and demand that the court inform the defendant of his right to request probation after he is sentenced. The statute at issue uses the term 'convicted' twice where, in the first instance, *it would appear that a better-suited phrase would have been,* '[i]f the court has reason to believe that an offender * * * [who has been found guilty of, or pleaded guilty to] * * * a felony or misdemeanor is a drug dependent person * * * *the*

*court may * *. * advise the offender [of his right to request conditional probation].' "* (Emphasis added.)

The majority's reluctance to follow the events that occurred below as they relate to the application of the law to the facts is evident in its continuous attempt to modify the law to suit what it believes is a legislative blunder. The majority, after acknowledging the wording of the statute as not being defective, decided that it is better suited to assume the duties of the legislature, since the legislature no longer knew what it wanted to say. It is my belief that this court is not in the business of telling the legislature what it should have said or what it should say no matter how enticing to tell it what it forgot to say might be.

As if correcting the legislature were not sufficient the majority holds that granting of conditional probation is discretionary. R.C. 2951.04(B) provides in pertinent part as follows:

"Within a reasonable time after receipt of the request for conditional probation, the court shall hold a hearing to determine if the offender is eligible for conditional probation. *The offender·is eligible for conditional probation if the court finds that:*

"(1) The offender is drug dependent or is in danger of becoming drug dependent, and he may benefit from rehabilitation or treatment[.]" (Emphasis added.)

My reading of the statute compels me to conclude that there is no discretion conferred upon the court to either grant or deny probation if the accused is eligible. Also the majority's citation to and approval of *State v. Wheeler* (1976), 49 Ohio Misc. 41, 3 O.O.3d 346, 361 N.E.2d 564, holding that "R.C. 2951.04, providing conditional probation for purposes of treatment and rehabilitation of drug dependency, cannot be utilized to suspend execution of sentence after an offender has been delivered into custody of the institution in which he is to serve his sentence," is inconsistent with the statutory provision, which provides that:

"(C) *If the court finds that an offender is eligible for conditional probation, the court may suspend execution of the sentence imposed after completion of any period of actual incarceration required by* Chapter 2925. of the Revised Code, and place the offender on probation subject to this chapter and under the control and supervision of the county probation department or the adult parole authority.

"Probation under this section shall be conditioned upon the offender's voluntary entrance into an appropriate drug treatment facility or program, his faithful submission to the rehabilitation or treatment prescribed for his drug dependence or danger of drug dependence, and other conditions as the court orders.

"The court shall not suspend execution of a sentence and place the offender on conditional probation, until the court affirmatively finds that the offender is not,

or there is no substantial risk of his becoming, a dangerous offender as defined in section 2929.01 of the Revised Code, and such finding is entered into the record." (Emphasis added.)

The majority's approval of *Wheeler* notwithstanding the provision in the statute confirms the majority's position that the legislature did not know what it was doing when it enacted R.C. Chapter 2951, a position with which I vehemently disagree.

The majority further claims that appellant did not comply with the requirements of the statute by demonstrating that he had been accepted in an appropriate drug treatment facility. This reason like others is just a deliberate attempt to manufacture artificial legal barriers to deny a statutory right. First, the main issue before us is the trial court's failure to follow the mandates of the law by informing appellant of his right to request a conditional probation. Appellant is not required to be admitted to any facility before he is informed of his right. The issue of admission to a facility comes to play when determining eligibility. See R.C. 2951.04(B)(2). Appellant's counsel also gave the court sufficient reason to grant a hearing and the conditional probation during this colloquy between counsel and the court at a presentencing hearing which the majority interpreted as a hearing on the conditional probation:

"THE COURT: *Mr. Lazzaro, have you had an opportunity to review the presentence investigation report?*

"MR. LAZZARO: I have, Judge.

"THE COURT: Is there a statement you would like to make on behalf of the Defendant?

"MR. LAZZARO: Yes, there is, your Honor. As evidenced by that presentence report, your Honor, I think it becomes evident that Leon Boyd, at age 39, has had no prior criminal history.

"This is a very unusual case, Judge. Here is a man with a college degree, a graduate of Cleveland State, a good job with British Petroleum of America for 15 years as an analyst, laid off in October of 1991, your Honor.

"Unfortunately, for a man of that background, with no history of criminal offenses and with a very fine job, the layoff, as might be obvious, caused him some problems. He developed a cocaine addiction and that is what this case is about, your Honor.

" * * * *

"*I can also tell the Court that I spoke personally with the head of the TASC Force which is the treatment alternative to street crime. It is located downstairs. The head of that organization, William Seifert–Kessell, tells me Leon is*

*a perfect candidate for their department's help. I would have had him in there sooner, Judge, but most of these treatment programs like leverage. By that I mean if the Court sees fit to give him probation with stringent* conditions of probation, that is the kind of leverage they feel they need in order to successfully treat him.

"So, my request would be that you give this 39 year old first offender a chance, Judge, and refer him to this TASC Force that the Court Commissioners have created." (Emphasis added.)

The majority also reasoned that the error is harmless because appellant "was aware of his right to request conditional probation." This shifting of a mandatory legal duty is a further attempt by the majority to show its disapproval of the manner in which the legislature enacted R.C. 2951.04. If the legislature intended the accused's awareness of his right to be an exception, I am sure it would have said so. Almost every citizen in this country is aware of the *Miranda* right, so following the majority's reasoning an accused who is not warned of his *Miranda* right loses it to the harmless error legalese because he knows or should have known of his right. Such a requirement is an unjustifiable shift of a legal responsibility which creates a dangerous precedent. It is my opinion that the duty of the court to inform appellant of his right to request a conditional probation and to grant one if appellant qualifies pursuant to R.C. 2951.04 is couched in mandatory terms and should not be affected by the accused's failure to personally make the request even when he knows of the existence of such right.

It is a settled law that an error is not harmless if it affects any substantial right of a defendant. *State ex rel. Avellone v. Lake Cty. Bd. of Commrs.* (1989), 45 Ohio St.3d 58, 543 N.E.2d 478; *Lewis v. Rosselle* (1990), 63 Ohio App.3d 254, 578 N.E.2d 546. An error which has constitutional implications necessarily involves substantial rights and cannot be casually treated as a harmless error. See *State v. Muscatello* (1977), 57 Ohio App.2d 231, 11 O.O.3d 320, 387 N.E.2d 627.

I believe strongly in the United States Supreme Court's pronouncement that due process safeguards against the taking away of life, liberty or property on the basis of an erroneous or distorted conception of the law, no matter how convincing and eloquent, see *Mathews v. Eldridge* (1976), 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18, and as much as I detest appellant's evil conduct, the real danger lies not with whether a criminal deserves punishment but with the desire of any court to sugarcoat the law to achieve a desired result.

As much as I agree with the trial court's concern that appellant should be punished for his crime, the law, however, remains that an offender who qualifies under the statute for conditional probation should be informed and when all

elements are satisfied be granted probation even when such decision does not agree with the court's personal convictions.

Accordingly, I dissent.