JOURNAL ENTRY AND OPINION
In this delayed appeal, defendant Anita Spann appeals from her conviction following guilty pleas to one count of robbery and one count of grand theft. For the reasons set forth below, we affirm.
On June 18, 1996, defendant was indicted pursuant to a two-count indictment. Count One charged her with aggravated robbery with prior aggravated felony specification, and a violence specification which alleged that she made an actual threat of physical harm with a deadly weapon. Count Two charged defendant with grand theft with furthermore clauses alleging that defendant had previously been convicted of theft and unauthorized use of a motor vehicle, and a violence specification. Defendant pled not guilty to the charges.
On February 6, 1997, the state amended Count One to assert a charge of robbery and to delete the specifications. The prosecuting attorney also outlined the elements of robbery, described the grand theft charge, outlined the possible penalties for these offenses, and indicated that both offenses were probationable. Defendant then entered guilty pleas to Count One as amended and to Count Two.
The trial court referred defendant to the probation department for a pre-sentence investigation. The investigation revealed that defendant had psychiatric problems and was addicted to drugs and alcohol. Thereafter, at the sentencing hearing, defendant's trial counsel stated as follows:
 Your Honor, she did what she did, and she was wrong. She did it to get some money so that she could further her drug dependence. She did check herself into the St. Alexis Medical Center on a three-day, I suppose dry out. I do have the discharge papers here. Also, she has gone to the Northeast Community Mental Health Center. She has some letters that they will accept her, and they will deal with her mental disorder and with her drug addiction if this court would be so inclined.
The trial court denied this request, stating:
 Miss Spann, you cannot use your alcohol or drug dependency as an excuse any longer. The fact that you tested for marijuana the first time and marijuana and cocaine the second time, how in heaven's name do you ever expect any of the medicines that are given to you, valium, etc., to work when you have totally ruined your system with drugs and alcohol?
 Now your criminal record goes back to 1977, petty theft, shoplifting, vandalism, attempted robbery, robbery with specifications, grand theft motor vehicle, disorderly conduct, resisting arrest, falsification, attempted drug abuse and now this case. It's quite obvious from your record that you are a repeat offender.
 Secondly, if you cannot stay away from drugs and alcohol, we have to put you some place where the drugs and alcohol will stay away from you so you will be able to get your life and your act together and return to us a sober and law-abiding citizen.
 Accordingly, it's the sentence of this court that the defendant, Miss Spann, be incarcerated in the Marysville Institution for women for a period of 2 to 10 years, sentence to run concurrent with the sentence in count 1.
Defendant now appeals and assigns three errors for our review.
Defendant's first assignment of error states:
 APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT ADVISE HER AS TO HER ELIGIBILITY FOR DRUG DEPENDENCY TREATMENT.
Within this assignment of error, defendant asserts that the trial court violated its mandatory duty to advise her that she was eligible for conditional probation for drug dependency treatment pursuant to R.C.2951.04.
As an initial matter, we note that a trial court has broad discretion in making probation determinations. State v. Riley (1993),87 Ohio App.3d 420, 424. This same discretion extends to decisions regarding conditional probation for drug treatment. See State v. Boyd (1994), 95 Ohio App.3d 679, 687.
R.C. 2951.04 requires a trial court to inform a defendant of his or her right to request conditional probation and also requires the trial court to hold a hearing on the request.
This court has determined that where the trial court fails to advise a defendant of his right to request conditional probation the error is harmless where the record reveals that the defendant was well aware of this right. See State v. Boyd, supra, 683-684. Further, the Boyd Court did not require that a separate hearing be held, but based its opinion on the information given at sentencing.
In this instance, defendant was obviously aware of her right to request conditional probation because her attorney requested conditional probation prior to imposition of sentence. The trial court stated that it would not grant this request in light of defendant's extensive record of prior convictions and the long duration of her drug and alcohol dependencies. We find no prejudicial error in connection with the trial court's failure to inform defendant of her right to request conditional probation and additionally conclude that the court did not abuse its discretion in refusing to grant defendant conditional probation.
The first assignment of error is without merit.
Defendant's second assignment of error states:
 APPELLANT'S COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A MOTION REQUESTING CONDITIONAL PROBATION ON BEHALF OF THE APPELLANT.
Defendant next asserts that her trial attorney was ineffective for failing to request conditional probation for drug treatment, in light of the defendant's statements on the record regarding her drug and alcohol dependency.
In establishing a claim of ineffective assistance of trial counsel, it is clear that a defendant must make a two-part showing:
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction *** resulted from a breakdown in the adversary process that renders the result unreliable.
Strickland v. Washington (1986), 466 U.S. 668, 687. Accord State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus.
Because we have rejected the underlying claim of error, we must likewise reject the assertion of ineffective assistance of counsel which is premised upon that error. State v. Henderson (1988), 39 Ohio St.3d 24,33.
The second assignment of error is without merit.
Defendant's third assignment of error states:
 THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA OF GUILTY AS IT WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY.
Defendant next asserts that in accepting her guilty plea, the trial court failed to advise her of the nature of the charges for which she was indicted.
Crim.R. 11(C) provides in relevant part:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
The purpose of Crim.R. 11(C) is to convey certain information to the defendant in order to allow him or her to make a voluntary and intelligent decision of whether or not to plead guilty. State v. Ballard (1981), 66 Ohio St.2d 473, 479-480.
In determining whether the trial court has satisfied its duties, reviewing courts have distinguished constitutional and non-constitutional rights. See State v. Higgs (1997), 123 Ohio App.3d 400, 402; State v. Gibson (1986), 34 Ohio App.3d 146, 147.
A broader standard is applied for rights not protected by the Constitution. State v. Higgs, supra. Here, reviewing courts consider whether the trial court substantially complied with the requirements of Crim.R. 11(C)(2) and whether the defendant sub-jectively understood the implications of his plea and the nature of the rights he is waiving. State v. Nero (1990), 56 Ohio St.3d 106, 107. Substantial compliance may be found where the totality of the circumstances demonstrates that the defendant understood these matters. State v. Higgs, supra; State v. Stewart (1977), 51 Ohio St.2d 86, 92.
A more stringent standard is applied to evaluate the correctness of the plea proceedings with regard to constitutionally protected rights. A trial court's acceptance of a guilty plea will be affirmed only if it engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." State v. Ballard, supra, paragraph two of the syllabus.
In State v. Carter (1979), 60 Ohio St.2d 34, 38, the Supreme Court stated:
 "The question before this court is whether the defendant received notice of the charges leveled against him and, if so, did he understand the nature of those charges. As to the latter requirement, there is no easy or exact way to make such a determination, i.e., to determine what someone subjectively understands. If the defendant receives the proper information, then we can ordinarily assume that he understands that information.
 In this case, we must decide whether defendant's counsel, or someone else, provided defendant with information or notice of the charges. To do so, we look at all the particular facts and circumstances surrounding the case.
Johnson v. Zerbst (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 1023,82 L.Ed. 1461.
In this matter, the prosecuting attorney explained the offenses and the possible penalties and the trial court advised defendant of her constitutional rights. The court additionally ascertained that defendant was not under the influence of any drug, that she was not presently on probation or parole, and that no threats or promises were made to her. Defendant then entered the guilty pleas now at issue and her attorney indicated that he was satisfied that defendant understood the nature of the charges and her Constitutional rights. From the foregoing, the totality of the circumstances demonstrates that defendant received all of the required information prior to entering her guilty plea and there is no basis in the record for concluding that she did not understand this information. We are therefore unable to credit defendant's assertion that the trial court failed to comply with Crim.R. 11 in accepting her guilty pleas. The assignment of error is without merit.
The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________ ANN DYKE, JUDGE:
DIANE KARPINSKI, A.J., AND KENNETH A. ROCCO, J., CONCUR.