OPINION
{¶ 1} Defendant-appellant Bernard D. Cumberlander (hereinafter "defendant") appeals from the August 22, 2002 judgment of conviction of the Franklin County Court of Common Pleas sentencing him to three years for robbery. For the reasons which follow, we affirm.
{¶ 2} The Franklin County Grand Jury indicted defendant on March 28, 2002, on one count of kidnapping with specification, a violation of R.C. 2905.01, one count of aggravated burglary with specification, a violation of R.C. 2911.11, one count of aggravated robbery with specification, a violation of R.C. 2911.01, one count of robbery with specification, a violation of R.C. 2911.02, one count of robbery with specification, a violation of R.C. 2911.02[1], one count of felonious assault with specification, a violation of R.C. 2903.11, and one count of having a weapon under disability, a violation of R.C. 2923.13.
{¶ 3} As a result of a plea bargain, on August 20, 2003, defendant entered a plea of guilty to robbery, a felony of the third degree. Pursuant to a joint recommendation, the trial court sentenced defendant to three years. Further, upon application of plaintiff-appellee state of Ohio ("plaintiff"), and for good cause shown, the trial court ordered nolle prosequi entered for the remaining counts.
{¶ 4} Defendant timely appeals and asserts the following assignment of error:
The trial court erred by entering judgment of conviction based upon a guilty plea that was not knowing, intelligent and voluntary.
{¶ 5} The procedural requirements a trial court must follow in order to accept a guilty plea consistent with the constitutional protections afforded a defendant are set forth in Crim.R. 11(C)(2), which states, in relevant part:
(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
{¶ 6} A trial court must strictly comply with the provisions of Crim.R. 11(C)(2) which relate to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against self-incrimination, and the right to compulsory process of witnesses. See State v. Stewart (1977),51 Ohio St.2d 86, 88-89; State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus; State v. Colbert (1991), 71 Ohio App.3d 734; see, also, Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709. As to the nonconstitutional requirements of Crim.R. 11, only substantial compliance is required. Stewart at 93; State v. Nero (1990),56 Ohio St.3d 106, 108; Colbert at 737. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero at 108. Further, defendant must show the failure to comply had a prejudicial effect. Id. "The test is whether the plea would have otherwise been made." Id.
{¶ 7} Defendant contends a review of the record leads to the conclusion he believed he had no choice but to accept the plea offer because defense witnesses did not appear. The record is devoid of any indication defense counsel sought to enforce the subpoenas or that the trial court advised defendant he could and would enforce them.
{¶ 8} Contrary to defendant's assertion, based upon the following dialogue, the record reflects defendant participated in and understood the proceedings and the trial court complied with Crim.R. 11(C)(2):
Q. Mr. Cumberlander, do you think you understand the charges that you are facing in this matter?
A. No.
Q. You do not?
A. No.
Q. Did you hear the facts that were just stated by the assistant prosecutor?
A. Yes.
Q. Do you understand that you are being charged with one count of robbery, which is a felony of the third degree?
A. (Witness nods.)
Q. * * * Do you have some idea as to what is involved in committing a robbery?
A. Yes.
Q. Are you willing to enter a plea of guilty to the offense of robbery?
A. Yes. I mean, I don't have no choice, you know what I am saying, because my witnesses ain't here. I have no choice. (Tr. 6.)
{¶ 9} After the trial court explained to defendant he was giving up the right to trial by jury, the privilege against self-incrimination, the right to confront and cross-examine his accusers, the right to compulsory process of witnesses, the right to require the state to prove guilt beyond a reasonable doubt and the right to appeal, the following exchange occurred:
[Trial court:] The things I just explained to you are the rights that you are giving up here today. Do you understand those rights?
A. Yes, I do.
Q. Are you willing to give them up?
A. Yes.
* * *
Q. Are you satisfied with the work that your attorney has done for you in this matter?
A. Yes.
The Court: Miss Beauchamp, do you feel that you have fulfilled the obligations of representation that are included in the guilty plea form?
Miss Beauchamp: Yes, your Honor, I do. (Tr. 8-9.)
{¶ 10} Additionally, defense counsel made the following representation with respect to defendant's right to compulsory process of witnesses:
[Counsel:] I did discuss with him the ability of the court to send for the subpoenaed witnesses. The pragmatics of that were also discussed with him. He decided to go into the plea today. (Tr. 11-12.)
{¶ 11} Accordingly, the record establishes the trial court strictly complied with Crim.R. 11(C)(2). The trial court informed defendant of the constitutional rights he was waiving and advised him of the effect of pleading guilty. Defendant responded affirmatively, he understood the questions asked and he was willing to enter a guilty plea.
{¶ 12} Moreover, "[a]s a general rule, this court has determined that a guilty plea is made with an understanding of the nature of the charges when: (1) a defendant is addressed in court and informs the court that he understands what he is pleading guilty to; (2) his signed guilty plea states that he has reviewed the law and the facts with his counsel; and (3) counsel advises the court that he has reviewed the facts and the law with his client and that his client has read the plea form." State v. Cantrell (Mar. 26, 2002), Franklin App. No. 01AP-818, citing State v. Ellis (June 20, 1996), Franklin App. No. 95APA10-1399. In this case, defendant understood he was pleading guilty to robbery, he signed the guilty plea forms and counsel represented to the court she fulfilled her obligations of representing defendant pursuant to the obligations set forth in the guilty plea forms.
{¶ 13} Further, defendant asserts the trial court failed to properly advise defendant of his right to compulsory process of witnesses. However, when a defendant signs a written guilty plea form indicating, in pleading guilty, he is waiving his right to compulsory process, a trial court's failure to orally inform defendant of this right is not error in the absence of prejudicial effect. State v. Robinson (Aug. 29, 1995), Franklin App. No. 95APA01-21, citing State v. Strawther (1978), 56 Ohio St.2d 298. In this case, defendant signed the plea forms which indicated his waiver of his right to compulsory process of witnesses. The trial court orally informed him of this right. Counsel represented she explained the right, the manner in which it was enforced and the potential outcomes to defendant. As such, defendant was properly advised of his right to compulsory process of witnesses.
{¶ 14} Defendant also contends serious questions exist as to whether he, while allegedly suffering from schizophrenia and deprived of his medication for five months, understood his rights. Counsel implicitly raises defendant's competency on appeal even though the issue was not raised at trial by experienced defense counsel or the trial court. In support, defendant relies upon the following statements by defense counsel:
[Counsel:] I do need to put on the record that Mr. Cumberlander is suffering from schizophrenia. When he was arrested, he had medication on him, prescribed medication, that he was taking. And for these last five months he has been denied medication while in the jail.
* * *
I do want to put on the record I have a concern with the 20 to 40 minutes of time I have spent with Mr. Cumberlander. He has suffered with this ailment. He has made a good-faith effort to understand, basically, the penalties that he has and try to assist me as much as he can.
For that reason, no motion to determine his competency was filed. But that does have an impact on who he is today. (Tr. at 11.)
{¶ 15} Defendants are presumed competent, and will not be found incompetent solely because they are receiving or have received treatment for mental illness or retardation. R.C. 2945.37; State v. Barnhart (Sept. 24, 1997), Washington App. No. 96CA32. This presumption is rebutted if the defendant shows he is unable to understand the proceedings or assist in his or her defense. State v. Swift (1993),86 Ohio App.3d 407, 411. Accordingly, a person suffering with mental or emotional disability may possess the ability to understand the charges rendered against him and assist in his defense. State v. Bock (1986),28 Ohio St.3d 108, 110.
{¶ 16} The dialogue between the trial court and a defendant required by Crim.R. 11 encompasses the constitutional due process requirements, including competence. State v. Johnson (1988),40 Ohio St.3d 130, 133. When a defendant argues his guilty plea was taken in violation of due process, the trial court's compliance with Crim.R. 11 provides greater probative evidence than contradictory affidavits of a defendant. State v. Moore (1994), 99 Ohio App.3d 748, 755-756.
{¶ 17} "[T]he right to a hearing on the issue of incompetency rises to constitutional proportions only when the record contains sufficient indicia of incompetency * * * such that a formal inquiry into defendant's competency is necessary to protect his right to a fair trial." State v. Bock (1986), 28 Ohio St.3d 108, 110, citing Pate v. Robinson (1966), 383 U.S. 375, 86 S.Ct. 836, and Drope v. Missouri (1975), 420 U.S. 162, 180, 95 S.Ct. 896. Thus, a defendant who pleads guilty is not entitled to a subsequent competency hearing when the record does not contain a sufficient indicia of incompetence. State v. Brookins (Oct. 1, 1998), Cuyahoga App. No. 73345.
{¶ 18} The record reflects defendant participated in and understood the proceedings. Defendant engaged in a discourse with the trial court and agreed to waive his rights. Significantly, following the disclosure of defendant's schizophrenia and lack of medication, a competency motion was not filed. As such, the only indicia of incompetence was defense counsel's statement regarding the fact defendant suffers from schizophrenia and the impact his illness may have on him. Nonetheless, defense counsel's statement that a competency motion was not filed indicates her belief it was not indicated. As such, the record does not contain sufficient indicia of incompetence to require a competency hearing after the taking of the plea.
{¶ 19} Accordingly, we find defendant's guilty plea was knowingly, voluntarily and intelligently made. As stated, the trial court complied with Crim.R. 11(C). Accordingly, defendant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree, P.J., and Brown, J., concurs.
[1] One robbery with specification count is a felony of the second degree and the other robbery with specification count is a felony of the third degree.