JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Meraldo Delgado appeals from his guilty plea to five counts of vehicular assault. For the reasons set forth below, we affirm the conviction but vacate defendant's sentence and remand for resentencing.
 {¶ 2} On August 11, 2005 defendant was indicted on eighteen counts of vehicular assault. He subsequently pled guilty to five of the charges and the remaining charges were dismissed.
 {¶ 3} At the plea proceeding, the trial court advised defendant, in relevant part, as follows:
 {¶ 4} "Additionally, had you decided to go to trial, you could have taken that witness stand to testify on your own behalf or not done so and the Prosecuting Attorney could not have made any comment upon your decision and the Judge or jury could not have drawn any inference from your decision to testify or not."
 {¶ 5} (Tr. 12).
 {¶ 6} Defendant was later sentenced to five consecutive one year terms of imprisonment. He now appeals and assigns two errors for our review.
 {¶ 7} Defendant's first assignment of error states:
 {¶ 8} "The trial court erroneously imposed a sentence that exceeded the minimum and concurrent terms of imprisonment on the basis of findings made by the trial court pursuant to a facially unconstitutional statutory sentencing scheme."
 {¶ 9} Within this assignment of error defendant contends that the trial court violated his Sixth Amendment right when it imposed more than the minimum sentence and ordered the terms to run consecutively to one another.
 {¶ 10} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Supreme Court found several sections of the Revised Code unconstitutional, including R.C. 2929.14(E)(4),2929.41(A), R.C. 2929.14(B) and (C), and 2929.19(B)(2), and excised them from the statutory scheme. Foster, supra, applyingUnited States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621; Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, and Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. As a result, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing maximum, consecutive, or more than the minimum sentences. Foster, supra.
 {¶ 11} A defendant, however, who was sentenced under the unconstitutional and now void statutory provisions must be resentenced. Id.
 {¶ 12} Defendant insists, however, that "Foster's new remedy cannot apply to persons who committed their crimes prior to Foster[.]" We note that the Foster court stated:
 {¶ 13} "The sentences of Foster, Quinones, and Adams were based on unconstitutional statutes. When a sentence is deemed void, the ordinary course is to vacate that sentence and remand to the trial court for a new sentencing hearing. * * *
 {¶ 14} "As the Supreme Court mandated in Booker, we must apply this holding to all cases on direct review. Id.,543 U.S. at 268, 125 S.Ct. 738, 160 L.Ed.2d 621, quoting Griffith v.Kentucky, 479 U.S. at 328, 107 S.Ct. 708, 93 L.Ed.2d 649. ("`[a] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases * * * pending on direct review or not yet final'")."
 {¶ 15} We further find defendant's argument that Foster
violates his right against ex post facto legislation to be premature as he has yet to be sentenced under Foster. See Statev. Reid, Cuyahoga App. No. 87290, 2006-Ohio-3978, citing Statev. Rady, Lake App. No. 2006-L-012, 2006-Ohio-3434; State v.Ervin, Cuyahoga App. No. 87333, 2006-Ohio-4498.
 {¶ 16} This assignment of error is overruled.
 {¶ 17} Defendant's second assignment of error states:
 {¶ 18} "Mr. Delgado's guilty plea was unconstitutionally entered because the trial court incorrectly advised him that a decision to testify would be of no consequence to the jury's determination of its verdict."
 {¶ 19} In this assignment of error, defendant contends his guilty plea was not knowingly, intelligently or voluntarily made because in stating that "the Judge or jury could not have drawn any inference from your decision to testify or not," the "message conveyed to Mr. Delgado was that his testimony at trial would have no bearing on the verdict." This claim lacks merit.
 {¶ 20} Crim.R. 11(C) provides in pertinent part:
 {¶ 21} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 {¶ 22} "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 {¶ 23} "(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 {¶ 24} "(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
 {¶ 25} The underlying purpose of Crim.R. 11(C) is to convey certain information to the defendant in order to allow him or her to make a voluntary and intelligent decision of whether or not to plead guilty. State v. Ballard (1981), 66 Ohio St.2d 473,479-480, 423 N.E.2d 115.
 {¶ 26} With respect to constitutional rights, a trial court must strictly comply with the dictates of Crim.R. 11(C). Statev. Colbert (1991), 71 Ohio App.3d 734, 595 N.E.2d 401. However, a trial court need not use the exact language found in that rule when informing a defendant of his constitutional rights. Statev. Ballard, supra, paragraph two of the syllabus. Rather, a trial court must explain those rights in a manner reasonably intelligible to the defendant. Id.
 {¶ 27} For nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply provided no prejudicial effect occurs before a guilty plea is accepted. State v. Stewart (1977), 51 Ohio St.2d 86,364 N.E.2d 1163. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474.
 {¶ 28} In this matter, we conclude that the trial court fully complied with both the constitutional and non-constitutional provisions of Crim.R. 11. The trial court determined that defendant understood the crime to which he was pleading guilty and the corresponding penalty. The trial court advised defendant that his guilty plea would constitute a complete admission of guilt and that upon acceptance of his plea, the court could proceed with sentencing. The trial court determined that defendant had not been induced, forced, or threatened to plead guilty, or promised anything in return for his guilty plea. Additionally, the court properly explained that by pleading guilty, defendant waived his right to confront witnesses, his right to compulsory process, and his right to require the state to prove his guilt beyond a reasonable doubt.
 {¶ 29} Moreover, contrary to defendant's assigned error, the court informed defendant of his right against self-incrimination in a reasonably intelligible manner which did not convey to defendant that if he elected to testify, such testimony would be meaningless. While this claim must be reviewed for strict compliance, the trial court obviously misspoke in saying "the Judge or jury could not have drawn any inference from your decision to testify or not," we cannot accept defendant's contention that such remark conveyed to him that if he testified, his testimony would be meaningless. On its face, the statement refers to the "decision either to testify or not" and does not refer to any substantive testimony that might be offered. The remark was not unintelligible as it was clear that the court was simply describing the defendant's right to refuse to testify. There is no indication that the remark engendered any confusion or misunderstanding. Moreover, we do not believe that the comment can rationally be interpreted to as a statement that the defendant's testimony would have no bearing on the verdict as this interpretation is simply unreasonable and illogical. Further, defendant's counsel stated on the record that he had explained defendant's rights to him, (Tr. 7), Cf. State v.Cumberlander, Franklin App. No. 02AP-1294, 2003-Ohio-5948, and "it would be illogical for this court to predicate reversible error on the basis that the trial court failed to advise appellant of rights of which he already knew." State v. Boyd
(1994), 95 Ohio App.3d 679, 643 N.E.2d 581.
 {¶ 30} This assignment of error is overruled.
 {¶ 31} Defendant's conviction is affirmed, his sentence is vacated and the matter is remanded for resentencing.
It is ordered that appellee and appellant split the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and Corrigan, J., concur.