JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Meraldo Delgado appealed from the sentence imposed and *Page 3 
was later resentenced to five consecutive one-year terms of imprisonment. He now appeals and assigns two errors for our review.
 {¶ 2} On August 11, 2005, defendant was indicted on eighteen counts of vehicular assault. He subsequently pled guilty to five of the charges and the remaining charges were dismissed. On December 8, 2005, defendant was sentenced to consecutive one-year terms of imprisonment on each of the five charges. He filed a direct appeal to this court and asserted that his sentence was unlawful and his guilty plea was not knowingly, intelligently or voluntarily made.
 {¶ 3} On February 27, 2006, the Ohio Supreme Court decided State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and declared unconstitutional those provisions of the felony sentencing statutes which required "judicial fact-finding" before the court could impose more than a minimum sentence, maximum sentence, or consecutive sentence. Id. at paragraphs one and three of the syllabus. The Foster court severed these statutes, R.C. 2929.14(B), (C), and (E)(4) and held that the code provisions which "* * * either create presumptive minimum or concurrent terms or require judicial fact-finding to overcome the presumption, have no meaning now that judicial findings are unconstitutional[.]" Id. at _97. Thus, "[a]fter the severance, judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id.
 {¶ 4} The Foster court additionally held:
 {¶ 5} "The sentences of Foster, Quinones, and Adams were based on *Page 4 
unconstitutional statutes. When a sentence is deemed void, the ordinary course is to vacate that sentence and remand to the trial court for a new sentencing hearing. * *
 {¶ 6} On November 9, 2006, this court affirmed the conviction but reversed and remanded for resentencing pursuant to Foster. See State v.Delgado, Cuyahoga App. No. 87614, 2006-Ohio-5928.
 {¶ 7} On July 18, 2007, the trial court held a resentencing hearing in this matter and imposed five consecutive one-year terms for all offenses. Defendant now appeals and advances one assignment of error for our review:
 {¶ 8} "Appellant was deprived of his liberty without due process of law when he was sentenced under a judicially altered, retroactively applied, and substantially disadvantageous statutory framework."
 {¶ 9} Defendant argues that, since his criminal conduct pre-dates the decision in Foster, ex post facto and due process protections barred application of Foster to this matter on resentencing. This court has repeatedly rejected this claim of error. See State v. Tenbrook, Cuyahoga App. No. 89424, 2008-Ohio-53; State v. Sharp, Cuyahoga App. No. 89295,2007-Ohio-6324; State v. Mallette, Cuyahoga App. No. 87894,2007-Ohio-715.
 {¶ 10} As explained in Mallette, the remedial holding ofFoster did not violate the defendant's due process rights or the ex post facto principles of the United States Constitution because:
 {¶ 11} "Mallette [the defendant] had notice that the sentencing range was the *Page 5 
same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed." Id.
 {¶ 12} Defendant insists that the decision in State v. Mallette, supra, conflicts with the United States Supreme Court's decision inMiller v. Florida (1987), 482 U.S. 423, 429, 107 S.Ct. 2446,96 L.Ed. 2d 351, in which the Court stated, "The ex post facto clause of Article 1, Section 10, of the United States Constitution prohibits any legislation that `changes the punishment, and inflicts greater punishment, than the law annexed to the crime, when committed.'" Id., quoting Calder v.Bull (1798), 3 Dall. 386, 390, 3 U.S. 386, 1 L.Ed. 648. This court has evaluated the Foster remedy in light of the holding of Miller v.Florida. See State v. Velasquez, Cuyahoga App. No. 88748,2007-Ohio-3913; State v. Ford, Cuyahoga App. No. 88236, 2007-Ohio-2645;State v. Stokes, Cuyahoga App. No. 88939, 2007-Ohio-5063. In each of these cases, this court cited Miller v. Florida for the rule of law in determining that there was no violation of the ex post facto clause and applied the holding of State v. Mallette, supra. See, also, State v.Hardesty, Pickaway App. No. 07CA2, 2007-Ohio-3889. We therefore reject defendant's contention that Mallette is inconsistent with the principles articulated in Miller v. Florida.
 {¶ 13} The assignment of error is overruled.
Affirmed.
 It is ordered that appellee recover from appellant costs herein taxed. *Page 6 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., CONCURS
MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY