[Cite as *State v. Dawson*, 2012-Ohio-1226.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                              :

     Plaintiff-Appellee                  :               C.A. CASE NO. 2011 CA 42

v.                                         :               T.C. NO.    09CR160

JAMES B. DAWSON                            :          (Criminal appeal from
                                                        Common Pleas Court)

     Defendant-Appellant                 :

                                           :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____23rd____ day of ____March____, 2012.

. . . . . . . . . .

ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecutor, 61 Greene Street, Xenia, Ohio 45385
     Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. No. 0072135, 424 Patterson Road, Dayton, Ohio 45419
     Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   Defendant-appellant James B. Dawson appeals a decision of the Greene County Court of Common Pleas dismissing his petition for post-conviction relief.   The trial court issued its opinion dismissing Dawson's petition on July 18, 2011.   Dawson filed a

timely notice of appeal with this Court on August 17, 2011.

{¶ 2}   We set forth the history of the case in *State v. Dawson*, 2d Dist. Greene No. 2009 CA 63, 2010-Ohio-3904 (hereinafter "*Dawson I*"), and repeat it herein in pertinent part:

> The facts of this case arise from an incident that occurred on March 10, 2009, when Detective Cyr of the Fairborn Police Department was online in an internet chat room, posing as a fourteen year-old girl under the name of "kate14roxohio."  Upon entering the chatroom, Officer Cyr was contacted, via a private instant message, by Appellant, age fifty-two, who was utilizing the username "temene."  Appellant, in his initial message, asked "Kate" her age, gender, and where she lived.  Appellant learned that "Kate" was a fourteen year-old female from Fairborn.  Appellant and "Kate" exchanged photos.  Appellant sent pictures of himself, and Officer Cyr sent photos of "Kate," which were actually photos of Officer Cara Houck of the Fairborn Police Department taken when she was fourteen years old.  Appellant introduced himself as Jim, and complimented "Kate," noting she was "hot," called her a "gorgeous girl," and told her she looked good in a bathing suit.
>
> Appellant initiated a more sexual dialogue, asked "Kate" about oral sex, and indicated that if "Kate" performed oral sex on him he would perform it on her, and he would never tell anyone about it.  Appellant then discussed how they would be able to meet and assured "Kate" that he would wear a condom so she would not become pregnant.  Appellant made more sexual

comments, indicating he wished to kiss her all over, suck on her breasts, and reiterated his desire to perform oral sex on "Kate." They made plans to chat on the next day, March 11, so they could arrange to get together. Before ending the conversation, Appellant mentioned that he wanted pictures of "Kate" either clothed or nude, offering to buy her a camera to take the pictures. Appellant also inquired as to what style of underwear "Kate" wore.

Appellant and "Kate" made arrangements to meet on March 11, 2009, at 4:15 P.M. at the Long John Silvers restaurant located on Dayton-Yellow Springs Road in Fairborn, Ohio. When Appellant arrived in a red Buick Rendezvous, the same car he described to "Kate," he was arrested by the Fairborn Police Department.

Thereafter, Appellant was taken to the Fairborn police station, where he was questioned by Detective Cyr. After being informed of his rights, Detective Cyr showed copies of the internet chats to Appellant, who admitted to the conversation between himself and "Kate." In a written statement he made, Appellant wrote, "The aforementioned incident is one that I have never done before and I know that I was wrong for engaging in the chat."

Following a jury trial, Appellant was found guilty of Importuning and Attempted Unlawful Sexual Conduct With A Minor. At sentencing, the trial court sentenced Appellant to twelve months for Importuning, as well as eighteen months for Attempted Unlawful Sexual Conduct With A Minor. The court ordered the sentences be served consecutively for an aggregate

sentence of thirty months.

{¶ 3} Dawson subsequently appealed his conviction and sentence. We affirmed the judgment of the trial court in *Dawson I* issued on August 20, 2010. Prior to that, however, Dawson filed a petition for post-conviction relief on March 24, 2010. On March 25, 2010, Dawson filed a motion requesting leave of the trial court to file a supplemental petition for post-conviction relief within sixty days, which the court granted. Thereafter, Dawson requested and was granted a fourteen day extension in which to file the supplemental petition. Dawson ultimately filed his supplemental petition over a year later on May 7, 2011. In a decision filed on July 18, 2011, the trial court dismissed Dawson's petition for post-conviction relief, including all of the supplemental materials, as untimely filed.

{¶ 4} It is from this judgment that Dawson now appeals.

{¶ 5} Dawson's sole assignment of error is as follows:

{¶ 6} "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT GRANTING A HEARING."

{¶ 7} Initially, we note that Dawson does not dispute that his petition for post-conviction relief was untimely. R.C. 2953.21(A)(2) provides that a petition for post-conviction relief must be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. R.C. 2953.23(A) provides that a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of R.C. 2953.21 unless division (A)(1) or (2) applies:

(1) Both of the following apply:

(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claims for relief.

(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense of which the petitioner was convicted.

**{¶ 8}** In the instant case, the trial transcripts were filed on September 23, 2009. One hundred eighty days from September 23, 2009, fell on March 22, 2010. As previously stated, Dawson did not file his initial petition until March 24, 2010. We note that, despite being granted a seventy-four day extension, in which to file his supplemental petition, he did not do so. Nevertheless, his initial filing was untimely.

**{¶ 9}** In the context of a petition for post-conviction relief, the trial court lacks jurisdiction to consider an untimely petition. *State v. Beavers*, 2d Dist. Montgomery No. 20572, 2005-Ohio-1205, ¶ 19 (" * * * the provisions of R.C. 2953.23(A) are jurisdictional in nature, and * * * absent a petitioner's showing that the requisites contained therein have

been met, a trial court is without jurisdiction to entertain an untimely petition for post-conviction relief. Unless it appears from the record that [Petitioner] was unavoidably prevented from discovering facts upon which he relied in his petition, or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to [Petitioner], and that but for constitutional error at trial no reasonable factfinder would have found [Petitioner] guilty, we are bound to conclude the trial court was without jurisdiction to consider his petition for post-conviction relief.")

{¶ 10}  In support of his petition for post-conviction relief, Dawson submitted his own self-serving affidavit, as well as that of his wife, in which they assert that Dawson received ineffective assistance of trial counsel. Dawson also contends that a number of unspecified due process and constitutional violations occurred that, at the very least, warranted a hearing on his petition. However, Dawson's affidavit, as well as that of his wife, are largely a criticism of his attorney's failure to succeed in a defense that Detective Cyr was a "hostile invader" upon his computer system.

{¶ 11}  Upon review, we conclude that Dawson did not overcome the threshold requirement set out in R.C. 2953.23(A)(1)(a)  that he was "unavoidably prevented" from the discovery of the alleged ineffective assistance of trial counsel during the original trial in this matter. Dawson made no mention of any obstacles to his discovery relevant to this matter, nor does he provide a reasonable basis for his failure to file his petition in a timely manner. Moreover, Dawson makes no attempt to argue that a new federal or state law has been enacted that applies retroactively to his situation.

{¶ 12}  Because Dawson failed to establish any of the criteria set forth in R.C.

2953.23(A), we find the trial court was correct in its determination that it did not have jurisdiction to entertain his petition for post-conviction relief.

{¶ 13}   Dawson's sole assignment of error is overruled.

{¶ 14}   Dawson's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Elizabeth A. Ellis
Jay A. Adams
Hon. Stephen A. Wolaver