[Cite as *State v. Dawson*, 2013-Ohio-1817.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-54 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09-CR-160 |
| v. | : | |
| | : | |
| JAMES DAWSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of May, 2013.

. . . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. #0009172, by ELIZABETH A. ELLIS, Atty. Reg. #0074332, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. #0072135, 36 North Detroit Street, Suite 102, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}    James Dawson appeals the trial court's entry of summary judgment for the

State on his petition for post-conviction relief. We agree with the trial court that the petition

was untimely. We therefore affirm.

## I. Facts

{¶ 2}     In 2009, Detective Lee Cyr of the Fairborn, Ohio, police department was online in an internet chat room pretending to be a 14-year-old girl named "Kate." Dawson contacted "Kate" via a private instant message and asked her how old she was, if she was a boy or girl, and where she lived. Cyr responded that "Kate" lived in Fairborn. Dawson and "Kate" exchanged photos.[1] Dawson then started asking "Kate" questions of an unmistakably sexual nature. Dawson arranged to meet "Kate" at a restaurant in Fairborn. When Dawson arrived, he was arrested and was taken to the Fairborn police station where Detective Cyr showed him transcripts of the internet chats he had with "Kate." In a written statement, Dawson admitted to having participated in the transcribed chats.   After a jury trial, Dawson was convicted of importuning and attempted unlawful sexual conduct with a minor. He appealed, and we affirmed his convictions. *State v. Dawson*, 2d Dist. Greene No. 2009 CA 63, 2010-Ohio-3904 (*Dawson I*).

{¶ 3}     While *Dawson I* was pending, Dawson filed a petition for post-conviction relief. The trial court dismissed the petition as untimely under R.C. 2953.21 and 2953.23. Dawson appealed, and we affirmed, agreeing that the petition was untimely. *See State v. Dawson*, 2d Dist. Greene No. 2011 CA 42, 2012-Ohio-1226, ¶ 10 (*Dawson II*). We agreed with the trial court that Dawson had filed his petition more than 180 days after the record for appeal was completed and filed, making the petition untimely under R.C. 2953.21(A)(2). And

---

[1] The photos that Detective Cyr sent of Kate were photos of a female Fairborn police officer taken when she was fourteen years old.

we agreed that Dawson failed to establish that one of the exceptions for late filing in R.C. 2953.23(A) applied.

{¶ 4}   While *Dawson II* was pending, the State moved the trial court to resentence Dawson to correct an error in the post-release-control part of his sentence. The trial court did so, notifying Dawson, at a resentencing hearing, of the correct post-release control and entering a correcting order. Dawson did not appeal his resentencing.

{¶ 5}   In May 2012, Dawson filed a second petition for post-conviction relief, the petition at issue here. Substantively, the petition asserts claims of ineffective assistance of counsel based on issues falling outside the appellate record relating to the manner and form of documents produced by the State during discovery and defense counsel's alleged failure to object at trial to the admission of certain evidence. The State moved for summary judgment. The trial court found the petition untimely, under R.C. 2953.21 and 2953.23, and  it granted the State's motion and denied the petition.

{¶ 6}   Dawson appealed.

## II. Review

{¶ 7}   The sole assignment of error alleges that the trial court erred in entering summary judgment. Dawson argues that the present petition is timely. He contends that, because his original sentence was void, the 180-day period in which to file a petition for post-conviction relief did not begin until after the correcting order was entered. And, Dawson says, the second petition was filed within that time period.

{¶ 8}   To support his contention, Dawson relies on our decision in *State v. Harrison*, 2d Dist. Montgomery No. 24471, 2011-Ohio-6803. The defendant in *Harrison* pleaded guilty to

failing to register under Ohio's sex-offender-registration-and-notification law and later filed a petition for post-conviction relief that we determined was untimely under both R.C. 2953.21 and 2953.23. We nevertheless vacated the defendant's sentence. We determined that he had been sentenced under a law that was void as applied to him and that this rendered his entire sentence void. We said that we agreed with the Ninth District's approach in a case in which "the court * * * determined [that] if 'a sentence is void for failure to include proper postrelease-control notification, the trial court–or the reviewing court–has an obligation to recognize the void sentence, vacate it, and order resentencing.'" *Id.* at ¶ 20, quoting *State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, 921 N.E.2d 1077, ¶ 20 (9th Dist.). We also quoted the Ninth District in that case as saying:

> "Further, a trial court, confronted with an untimely or successive petition for postconviction relief that challenges a sentence that is void, must ignore the procedural irregularities of the petition and vacate the void sentence and resentence the defendant. * * *" """The effect of vacating the sentence places the parties in the same position they would have been in had there been no sentence.""""

*Id.*, quoting *Holcomb* at ¶ 20-21, quoting *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 8, quoting *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 22. Dawson cites *Harrison* for the proposition that "the running of the 180 day filing period of the petition begins upon entry of proper sentencing." (Appellant's Brief, 7). He says that in *Harrison* we "permitted otherwise untimely or successive petitions for postconviction relief where initial sentencing proceedings fail to include mandatory notifications as to

postrelease control." (*Id*. at 5).

{¶ 9} Dawson's reliance on this case is misplaced. *Harrison* does not support the proposition that the 180-day period begins with a valid sentencing entry. Nor was the relief we granted in *Harrison* post-conviction relief under the post-conviction-relief statute. Under the statute an offender is entitled to post-conviction relief–the vacation of his judgment of conviction–if "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * *." R.C. 2953.21(A)(1)(a). The *Harrison* defendant's sentence was void not because his constitutional rights were denied or infringed on but because his sentence was illegal. The Ohio Supreme Court has said that a sentence that does not comply with the post-release control statute is illegal. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 22-24, fn 1. And the Court further said that "in cases in which a trial judge does not impose postrelease control in accordance with statutorily mandated terms * * *, the sentence is void." *Id.* at ¶ 30. The post-conviction-relief petition in *Harrison* was immaterial to the relief granted–without the petition the defendant still would have been entitled to vacation of the sentence.

{¶ 10} It may be that if a sentence is void such that no appealable order exists, the 180-day period does not begin until a valid sentence is imposed. *See State v. Benford*, 9th Dist. Summit No. 24828, 2010-Ohio-54, ¶ 8 (saying that "because the trial court's sentencing entry is void, there has been no judgment from which [the defendant] could file a direct appeal" and that therefore "[t]he time period in which he can file for post-conviction relief * * * has not begun to run"); *State v. Haley*, 2d Dist. Greene No. 94-CA-107, 1995 WL 418739, *1 (July 7, 1995) (saying that because "'a judgment of conviction requires a sentence, and a defendant is not

convicted until sentenced,'" quoting *State v. Boyd*, 95 Ohio App.3d 679, 686, 643 N.E.2d 581 (8th Dist. 1994), "where a sentence remains to be imposed, a judgment of conviction is not yet a final appealable order"). But here the post-release-control error in Dawson's original sentence did not render it unappealable. *Compare Fischer* at *¶* 37 (rejecting the defendant's argument that "there was no final, appealable order in this case"). Dawson's original sentence could have been reviewed "at any time, on direct appeal or by collateral attack." *Id.* at *¶* 30.

{¶ 11} As the Eighth District has said, a sentence that is void because it does not properly include post-release control "d[oes] not 'restart the clock' to extend [the] time to file a post-conviction relief petition." *State v. Casalicchio*, 8th Dist. Cuyahoga No. 89555, 2008-Ohio-2362, *¶* 22. This rule mirrors that applied to *voidable* sentences: "Ohio courts * * * have determined that 'the time limit for a postconviction relief petition runs from the original appeal of the conviction, and that a resentencing hearing does not restart the clock for postconviction relief purpose as to any claims attacking the underlying conviction.'" *Bradley v. Turner*, N.D.Ohio No. 3:12-CV-1504, 2013 WL 1345667, *17 (Feb. 11, 2013), quoting *State v. Piesciuk*, 12th Dist. Butler No. CA2009-10-251, 2010-Ohio-3136, *¶* 12; *see State v. O'Neal*, 9th Dist. Medina No. 08CA0028-M, 2008-Ohio-6572, *¶* 12; *State v. Seals*, 8th Dist. Cuyahoga No. 93198, 2010-Ohio-1980, ¶ 7; *State v. Haschenburger*, 7th Dist. Mahoning No. 08-MA-223, 2009-Ohio-6527.

{¶ 12} The Seventh District's rationale for this rule is based on legislative intent and logic. The court has said that "[i]f * * * the time for filing a defendant's petition for postconviction relief did not begin to run until the last of the direct appeals from the trial court's sentence[s], the time for filing postconvictions [sic] petitions would be extended well beyond the

time limits set forth in R.C. 2953.21(A)(2) to an indeterminate time in the future. Such a finding would render the time requirement meaningless and defeat the intent of the legislature in setting forth such a time requirement." *Haschenburger* at ¶ 27. The court also said that the rule makes logical sense:

> After a defendant is convicted and sentenced and files a timely notice of appeal, "the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2). As indicated, from that point in time, the defendant has 180 days to file a petition for postconviction relief in the trial court to raise issues concerning the original conviction and sentence. *Id.* If they do not and their sentence is subsequently reversed in the first, direct appeal and the defendant is resentenced, the defendant is obviously entitled to appeal that resentencing. Of course, the "trial transcript" is *again* "filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2). But, this time the only new materials contained in the "trial transcript" usually relate solely to the resentencing. In fact, oftentimes, the "trial transcript" that is filed in the court of appeals following a resentencing includes only those materials relating to the resentencing. It does not include materials relating to the defendant's original conviction and sentence. In this instance, if they so choose and have not previously filed a petition, the defendant may file within 180 days of the filing of the "trial transcript," a petition for postconviction relief to raise any issues concerning *only* the *resentencing*."

(Emphasis sic.) *Id.* at ¶ 28. We think that this rationale is persuasive and applies with equal force to sentences that are void on post-release-control grounds.

**{¶ 13}** Dawson did not appeal his resentencing and does not challenge it here. And it is undisputed that the trial transcripts in Dawson's direct appeal were filed in September 2009, that 180 days later is sometime in March 2010, and that the present petition for post-conviction relief was filed in May 2012. Because the petition is plainly untimely, the trial court acted properly by entering summary judgment for the State. *Compare Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978) (saying that summary judgment is proper if "(1) * * * there is no genuine issue as to any material fact; (2) * * * the moving party is entitled to judgment as a matter of law; and (3) * * * reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made * * *").

**{¶ 14}** The sole assignment of error is overruled.

**{¶ 15}** The trial court's judgment is affirmed.

. . . . . . . . . . . .

FAIN, P.J., and WELBAUM, J., concur.

Copies mailed to:

Stephen K. Haller
Elizabeth A. Ellis
Jay A. Adams
Hon. Stephen Wolaver